

# In the
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00133-CR

VICTOR MANUEL ORTIZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 70th District Court
Ector County, Texas[1]
Trial Court No. A-17-1409-CR, Honorable Denn Whalen, Presiding

May 29, 2019

## MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Following a plea of not guilty, appellant, Victor Manuel Ortiz, was convicted by a jury of evading arrest or detention in a vehicle and possession of a controlled substance, cocaine, in an amount of four grams or more but less than 200 grams.[2] Appellant pleaded

---

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the Eleventh Court of Appeals. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

[2] *See* TEX. PENAL CODE ANN. § 38.04 (West 2017) and TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2017).

true to an enhancement allegation on both counts and the jury assessed punishment at fifteen years' confinement in the Texas Department of Criminal Justice on each count.

In presenting this appeal, appellant's counsel has filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008). We agree with counsel's conclusion that the record fails to show any arguably meritorious issue that could support an appeal. Accordingly, we affirm the trial court's judgment.

After appellant filed notice of appeal, his appointed counsel filed a motion to withdraw and a brief in support pursuant to *Anders*, in which he certified that he had reviewed the record and found no meritorious or non-frivolous grounds for appeal. *See Anders*, 386 U.S. 738 at 744-45. In support of his motion to withdraw, counsel certifies that he has conducted a conscientious examination of the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Id.* at 744; *In re Schulman*, 252 S.W.3d at 406.

Counsel notified appellant by letter of his motion to withdraw; provided him a copy of the motion, *Anders* brief, and appellate record; and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised appellant of his right to file a pro se response to counsel's *Anders* brief, and appellant has filed a pro se response, in which he makes various assertions, including prosecutorial misconduct, violations of his constitutional rights, and jury tampering. The State did not file a brief.

2

We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support this appeal but, like counsel, we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After carefully reviewing the appellate record, counsel's brief, and appellant's pro se response, we agree with counsel that there are no plausible grounds for reversal.

Accordingly, we grant counsel's motion to withdraw[3] and affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send appellant a copy of the opinion and judgment, along with notification of appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.